# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-50315
Summary Calendar

WILLIAM E JOHNSON, also known as Willie Johnson, also known as Willie E Johnson

Plaintiff-Appellant

v.

STATE OF TEXAS; TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION TIME CALCULATION DEPARTMENT; BOARD OF PARDONS AND PAROLES; TEXAS LEGISLATURE

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-168

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

William E. Johnson, Texas prisoner # 493576, is appealing the district court's dismissal of his petition for mandamus, the denial of his motion to recuse the district court judge from presiding over the case, and the denial as moot of his motion for preliminary injunction seeking an immediate release from prison.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Johnson's motion for recusal was based solely on his conclusional allegations. He has not provided any appellate court case number or a copy of this court's order that he alleges contained a finding of bias on the part of the district court judge. Nor has he provided any other evidence that indicated that the district court was biased against him. Johnson has therefore shown no abuse of discretion with regard to the denial of his motion to recuse. See 28 U.S.C. § 455(a), (b)(1); 28 U.S.C. § 144; Matassarin v. Lynch, 174 F.3d 549, 571 (5th Cir. 1999).

The district court properly dismissed Johnson's petition for mandamus because federal courts have "no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." Lamar v. 118th Judicial Dist. Court of Tex., 440 F.2d 383, 384 (5th Cir. 1971).

Insofar as Johnson's motion for a preliminary injunction sought an order for his immediate release, the denial of the motion is affirmed because Johnson must pursue this remedy in a habeas proceeding. See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Johnson's motion for a writ of supersedeus is denied.

AFFIRMED; MOTION DENIED.